Form KS96 — Chapter 60 & 61 Summons

**DISTRICT COURT OF GEARY COUNTY, KANSAS**

138 E. Eighth St., Junction City, KS 66441
Address and Location of Court

Dennis DeGraaf and Travis Wall,

Plaintiff/Petitioner

vs.

Internatinal Electric, et.al.

Defendant/Respondent and address for service of process

No. 10 CV-92

**SUMMONS**

**Proceedings under Chapter 60:**
X *file your answer* within 20 days after service of summons upon you. (service in Kansas)

___ *file your answer* within 30 days after service of summons upon you. (out of state service)

**Proceedings under Chapter 61:**
___ *be present in Court on* _____, at _____ M., *or file your answer* before said date and time. If you appear and dispute the petition you must file your answer with the clerk of this Court within 10 days thereafter. If you are served outside of Kansas you may file your answer in writing within 30 days after service of summons upon you.

TO: Internatinal Electric Inc.
Corporation Company, Inc., 515 S. Kansas Ave., Topeka,

You must answer to the petition within the time specified above.

YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this Court. You must answer to the petition which is herewith served upon you and serve a copy of your answer upon plaintiff's/petitioner's attorney:

Peter Charles Rombold, Hoover Law Firm, 811 N. Washington, Junction City, KS 66441.
plaintiff's/petitioner's attorney's name, address, fax, phone, electronic mail address

If you do not obey this summons, judgment by default will be taken against you for the relief demanded in the petition. If under Chapter 60, any related claim which you may have against the plaintiff/petitioner must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

If under Chapter 61, your responsive pleading may state as a counterclaim any related claim which you may have against the plaintiff. If you are not represented by an attorney your answer shall be signed by you. The answer shall state the following:

(1) What the dispute is, (2) Any affirmative defenses you have to the claim, (3) Any claim you have against the plaintiff which arises out of the transaction or occurrence which is the subject of the plaintiff's claim, and (4) Your or your attorney's current address, phone number, fax number, and electronic mail address.

You must also promptly send a copy of your answer to the plaintiff's/petitioner's attorney or the plaintiff/petitioner, if the plaintiff/petitioner has no attorney.

☐ Personal or residence service requested. Use return page.

Dated March 31, 2010

*Beverly McCabe*
Clerk of the District Court / Deputy

This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

© Copyright 2008, NDF Co., P.O. Box 725, Newton, Kansas 67114. Reorder Ph 316-283-3628, FAX 316-283-3635, www.ndfco.com

**EXHIBIT A**



FILED
IN MY OFFICE

2010 MAR 31  AM 10: 41

CLERK OF
THE DISTRICT COURT
GEARY COUNTY

IN DISTRICT COURT OF GEARY COUNTY, KANSAS

DENNIS A. DEGRAAFF,
TRAVIS WALL,                                              Plaintiffs,

vs.                                            Case No. 10 CV 92

INTERNATIONAL ELECTRIC, INC.
TRAVELERS INSURANCE COMPANY
SAFECO INSURANCE OF AMERICA,
TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA
                                                          Defendants.

## PETITION

COME NOW, Dennis A. DeGraaff and Travis Wall, by and through one of their attorneys, Peter Charles Rombold of Hoover Law Firm, and for their Complaint over and against Defendants, and each of them, state and allege as follows:

1. Plaintiffs are individuals residing in Geary and Riley counties in the State of Kansas.

2. Defendant, International Electric, Inc., is a corporation licensed to operate in the State of Kansas who has designated its agent for purposes of receipt and service of process to be the Corporation Company, Inc. at 515 S. Kansas Avenue, Topeka 66603.

3a. Defendants, Travelers Insurance Company, Safeco Insurance Company of America and, Travelers Casualty & Surety Company of America are foreign corporations, each of which are not registered or otherwise authorized to do business in the State of Kansas but have each submitted to the jurisdiction of the State of Kansas pursuant to K.S.A. §60-308(b).

**PETITION**                                               -2-

3b.     Each of the Defendants identified in ¶3a. above may be served with process by service upon the Secretary of State of Kansas pursuant to K.S.A. §60-304(f).

4.      Plaintiffs bring this action to recover the minimum wage which was required to be paid to Plaintiffs by Defendant, International Electric Inc., (hereafter Defendant) pursuant to provisions of 40 U.S.C. §§40-3141 *et seq.* (hereinafter sometimes referred to as the Davis-Bacon Act) together with liquidated damages, attorney's fees and costs incurred.

5.      Plaintiffs bring this action pursuant to 40 U.S.C. §40-3144 (a)(2) (the Miller Act)

6a.     This Court possesses personal jurisdiction over the parties.

6b.     Subject matter jurisdiction over this claim in conferred on this Court by the Miller Act, 40 U.S.C. 3144 (a)(2) and pursuant to the provisions of 28 U.S.C. 1337 relating to any civil action or proceeding arising under any act of congress regulating commerce.

7       Defendant was Plaintiffs' "employer" as that term is defined by 29 U.S.C. 203(d) and Plaintiffs were Defendant's "employees" as that term is defined by 29 U.S.C. 203(e)(1)

8.      Defendant referred to Plaintiffs as "laborers" while employing Plaintiffs to perform upon the following described sub and prime contracts at Ft. Riley, Kansas:

   DABJ41-03-D-0007, Job Ordering Contract (subcontractor)
   W911RX-07-D-0003, Job Ordering Contract (subcontractor)
   W911RX-07-C-0007, Overhead Doors (subcontractor)
   W911RX-07-C-0009, Overhead Doors (subcontractor)
   W911RX-07-C-0015, Overhead Doors (subcontractor)
   W911RX-07-C-0013, Communications Hut (subcontractor)
   W911RX-07-A-0025, BPA for Electrical Work (prime)

9.      At all times material to this complaint, Plaintiffs were engaged and required by Defendant to perform as "electricians" on the above described contracts.

PETITION                              -3-

## COUNT I

COMES NOW, Plaintiff, Dennis Degraaff, (hereafter DeGraaff) and for his cause of action over and against Defendant for unpaid wages pursuant to the Davis-Bacon and Miller Acts, and Fair Labor Standards Act incorporates by reference as fully as if set out in length herein paragraphs one (1) through nine (9) above and furthermore states and alleges as follows:

10. DeGraaff was employed by Defendant to perform on the contracts described in ¶ 8 above from approximately March of 2006 until he was terminated on April 9, 2008.

11. During his employment with Defendant, DeGraaff's ostensible compensation was that of a laborer at an hourly rate of approximately $14.00 per hour.

12. Although Defendant represented to DeGraaff and the U.S. that DeGraaff was a "laborer," Defendant actually required DeGraaff to perform electrician's work as defined by the U.S. Department of Labor.

13. Defendant neglected failed and refused to pay DeGraaff the "prevailing wage" for an electrician as required by the Davis Bacon and Miller Acts, and failed to pay the correct amount for overtime compensation for hours worked in excess of 40 hours per week as required by the Fair Labor Standards Act.

14. The total sum due and owing DeGraaff for "prevailing wage" and FLSA compensation is $74,318.00.

15. In addition to the "prevailing wage" compensation not paid, DeGraaff seeks liquidated damages in an amount equal to the amount of overtime and prevailing wages due and owing of $74,318.00, together with attorneys fees incurred.

**PETITION**                                -4-

**WHEREFORE,** DeGraaff prays for judgment over and against Defendant for overtime and prevailing wage compensation due in the amount of $74,318.00 In addition, Plaintiff prays for liquidated damages in the amount of $74,318.00, for a total judgment of $148,636.00 together with attorney's fees incurred and for such other and further relief which the Court deem just and equitable in the circumstances.

## COUNT II

**COMES NOW,** Plaintiff, Travis Wall, (hereafter Wall) and for his cause of action over and against Defendant for unpaid wages pursuant to the Davis-Bacon and Miller Acts, and Fair Labor Standards Act incorporates by reference as fully as if set out in length herein paragraphs one (1) through fifteen (15) above and furthermore states and alleges as follows:

16    Wall was employed by Defendant to perform on the contracts described in ¶ 8 above from approximately January of 2006 until he resigned on March 15, 2008.

17.   During his employment with Defendant, Wall's ostensible compensation was that of a laborer at an hourly rate of approximately $14.00 per hour.

18.   Although Defendant represented to Wall and the U.S. that Wall was a "laborer," Defendant actually required Wall to perform electrician's work as defined by the U.S. Department of Labor.

19.   Defendant neglected failed and refused to pay Wall the "prevailing wage" for an electrician as required by the Davis Bacon and Miller Acts, and failed to pay the correct amount for overtime compensation for hours worked in excess of 40 hours per week as required by the Fair Labor Standards Act.

**PETITION** -5-

20. The total sum due and owing Wall for "prevailing wage" and FLSA compensation is $102,643.44.

21. In addition to the "prevailing wage" compensation not paid, Wall seeks liquidated damages in an amount equal to the amount of overtime and prevailing wages due and owing of $102,643.44, together with attorneys fees incurred.

**WHEREFORE**, Wall prays for judgment over and against Defendant for overtime and prevailing wage compensation due in the amount of $102,643.44. In addition, Wall prays for liquidated damages in the amount of $102,643.44, for a total judgment of $205,286.44 together with attorney's fees incurred and for such other and further relief which the Court deem just and equitable in the circumstances.

/s/ Peter Charles Rombold
Attorney for Plaintiff
Ks. S. Ct. No. 11539
HOOVER, SCHERMERHORN,
EDWARDS, PINAIRE & ROMBOLD
811 North Washington Street
Junction City, KS 66441
Attorneys for Plaintiff
(785) 238-3126
(785) 238-1717 (fax)
E-mail:rombold@hooverlawfirm.com

STRICKEN Pursuant to [9] Order.

## KANSAS DEPARTMENT OF LABOR

Office of Appeals, 401 SW Topeka Blvd., Topeka, KS 66603

**BEFORE THE UNEMPLOYMENT INSURANCE JUDGE:**

In The Matter Of:

BYB: 080406
ISSUE #: 10
ISSUE CODE: 23304

Docket Number: 804691
cmg

Claimant: DENNIS A DEGRAAFF
948 GRANT AVE LOT 257
JUNCTION CITY KS 66441-4236

Social Security #:

Employer: INTERNATIONAL ELECTRIC
ATTN PERSONNEL
8369 SOUTH PARK LN STE A
LITTLETON CO 80120

Hearing: June 10, 2008 telephone

*Decision Mailed: June 16, 2008

### DECISION

**APPEARANCES:** Dennis DeGraaff and Peter Rombold, Attorney, appeared for the claimant. Clifton Dodge, Vice-President, and Dave Knadler, Senior Project Manager, appeared for the employer.

**ISSUE(S):** The claimant filed a timely appeal from an examiner's determination which found the claimant disqualified for benefits until the claimant returns to work and earns $1,152 after May 4, 2008, because the claimant failed or refused to accept suitable work without good cause. In support of that decision, the examiner made the following determination of fact: "Claimant refused to accept an offer of suitable work from an employer. Claimant has not established good cause for refusal."

**FINDINGS OF FACT:** The claimant was employed as a laborer earning $14.00 per hour from March 2006 through April 9, 2008 working on a full-time basis.

The claimant was hired as a laborer, but did some electrical work. The claimant recalls wiring hot panels, doing outlets, hanging lights and doing wiring. Some of these jobs the employer considers electrical work and some they do not. The claimant felt he was not being paid for the electrical work he was doing. Electricians would have been paid almost twice what the claimant was earning if they were journeyman electricians.

The employer was doing work at Ft. Riley, Kansas, a federal reserve. The employer indicates they are not required to use electricians licensed in the state of Kansas. Clifton Dodge, the Vice President, states that they consider an electrician to be someone who has a minimum of four years experience and a license, however Mr. Dodge's brother, Chris, works as an electrician but he is not licensed. Jimmy Reed also works as an electrician although he does not have a license.

```
STRICKEN Pursuant to [9] Order.
```

The claimant went to Clifton Dodge and asked him about being paid for his electrical work. Mr. Dodge does not specifically recall the conversation, but does not deny that it may have occurred. Mr. Dodge disputed that the claimant was doing electrical work and refused to pay him an electrician's wages. The claimant filed a complaint with the United States Department of Labor. Several weeks after that, the claimant was laid off by the employer due to a "lack of work". During his testimony, Mr. Dodge admitted that the claimant was the only one of their employees that was laid off due to a lack of work; other employees left for other reasons. The Department of Labor audit, which was apparently generated by the claimant's complaint has not yet been completed.

Toward the beginning of May 2008, Mr. Dodge left a message on the claimant's cell phone saying beginning May 5 the claimant could return to work. The claimant returned the call and they discussed it. The claimant was told he would be returning to work as a laborer. The claimant said he would be there and hung up. About five minutes later he called back and asked if he would be earning the same amount and Mr. Dodge told him "yes". The claimant planned to return to work.

When the claimant arrived on May 5, he met with Dave Knadler, the Senior Project Manager. Mr. Knadler handed him some employee documents which they wanted him to complete. It was essentially a new-hire packet and Mr. Knadler told him that the claimant's information was outdated as it had been completed in early 2006. The claimant asked what type of work he would be doing and Mr. Knadler told him he would be working as a laborer. He would be digging and doing other work as required, but he would not be doing electrical work. There is a dispute about comments made between Mr. Knadler and the claimant during that conversation. The claimant recalls that when he refused to fill out the application, Mr. Knadler told him to "get the fuck out". Mr. Knadler denies making that statement. The claimant also recalls Mr. Knadler making comments that the claimant had brought this on himself, referring to the D.O.L. investigation. The claimant felt he should be returning as an electrician doing electrical work because that is what he had been doing when he worked for them before. The claimant left and contacted his attorney, Peter Rombold.

Mr. Rombold raised the issue that the employer was violating provisions of the *"Davis Bacon Act"*, which deals with the payment of prevailing wage. In addition, the claimant also raised through his attorney, threats of physical violence. The claimant said he was threatened by Chris Dodge and Mr. Reed. On one occasion, Mr. Reed swerved a vehicle toward the claimant in a parking lot. The claimant also recalls receiving threats of bodily harm to both he and his girlfriend. The claimant, never raised these issues prior to the time of his unemployment filing.

804691                                                                                     Page 2

Dbtf!6;21.dw.1514:.KBS.EKX!!!Epdvnfou2.2!)Dpvsupom\*!!!!Gjrne!15083021!!!Qbhf!:!pg21

STRICKEN Pursuant to [9] Order.

**OPINION:** The Kansas Employment Security Law provides that "an individual shall be disqualified for benefits: (c) if the individual has failed, without good cause ... to accept suitable work when offered to the individual by the employment office, the secretary of human resources, or an employer, such disqualification shall begin with the week in which such failure occurred and shall continue until the individual becomes reemployed and has had earnings from insured work of at least three times such individual's determined weekly benefit amount. In determining whether or not any work is suitable for an individual, the secretary of human resources, or a person or persons designated by the secretary, shall consider the degree of risk involved to health, safety and morals, physical fitness and prior training, experience and prior earnings, length of unemployment and prospects for securing local work in the individual's customary occupation or work for which the individual is reasonably fitted by training or experience, and the distance of the available work from the individual's residence." *[K.S.A. 44-706(c)]*

The claimant had been hired originally as a laborer and was paid $14.00 per hour. With overtime, etc. he may have earned slightly more per hour over the course of his employment. Regardless, after he was laid off, he was offered his old job back as a laborer earning the same rate of pay. The claimant felt since he had been doing some electrical work, he should be allowed to work as an electrician and be paid as an electrician. The claimant, however, did not have the experience working as an electrician, nor was he in any type of legitimate apprentice program. Although the claimant thought he should be able to do electrical work, the job offered was that of a laborer. The claimant had done that work when he previously worked for the employer and the wage was comparable. The Unemployment Insurance Judge finds that there was not good cause for refusing the job based on the type of work or the rate of pay.

As to the allegations of threats and physical violence toward the claimant, it does not appear that was the controlling factor. The claimant would have been willing to return to work for the employer had they hired him as an electrician and paid him an electrician's wages. The threats of violence were not so great that he was not willing to return to work for them. The Unemployment Insurance Judge does not find that complaint to be persuasive as a reason for not returning to work. It appears the claimant wanted to work and be paid as an electrician, although he did not have the experience or training to do so. In addition, he was offered a comparable job at comparable wages. The claimant refused work without good cause. Under these circumstances he is disqualified from receiving unemployment compensation benefits.

STRICKEN Pursuant to [9] Order.

**DECISION:** The examiner's determination is affirmed. The claimant is disqualified for benefits beginning May 4, 2008, and continuing until the claimant returns to work and earns $1,152 from insured work, because the claimant failed or refused to accept suitable work without good cause.

IT IS SO ORDERED.

*[signature]*

H. O Shelley,
Judge

CC:   PETER CHARLES ROMBOLD ATTORNEY
      811 N WASHINGTON ST
      JUNCTION CITY KS 66441

*NOTICE: Appeal rights if you disagree with this decision: You have 16 days after June 16, 2008 to file an appeal to the Employment Security Board of Review. You may file by letter and mail your appeal to the Employment Security Board of Review, 401 SW Topeka Blvd, Topeka KS 66603, postmarked on or before the final date. (If the 16th day falls on a Saturday, Sunday or a legal Holiday, the next working date is the final date.) The Board will affirm or reverse this decision after reviewing the evidence presented at the UI Judge's hearing.